IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC ANTOINE,

    Plaintiff,                        CV F 06 0063 REC WMW   P

  vs.                                   FINDINGS AND RECOMMENDATION

P. R. JONES, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss.

       This action was initiated by plaintiff in the Kern County Superior Court and removed by defendants to this court. Plaintiff is an inmate in the custody of the California Department of Corrections at the California Correctional Institution at Tehachapi. Plaintiff brings this action against Correctional Officer Yanez and Sergeant Jones, employees of the Department of Corrections at Tehachapi. The conduct that gives rise to this lawsuit occcurred at CCI Tehachapi between March 24, 2005 and September 8, 2005.

       Defendants filed a motion to dismiss for failure to exhaust available administrative remedies. On April 26, 1996, The Prison Litigation Reform Act was enacted. Section 7 of the Act amended 42 U.S.C. 1997e(a) to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised

1

Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

On May 29, 2001, the United States Supreme Court decided Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 1821. In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.

In response to the motion to dismiss, plaintiff filed a document titled as "Opposition To Defendants' Motion To Dismiss for Failure to Exhaust Administrative Remedies. Motion To Dismiss Without Prejudice To Refile Upon Exhaustion." In his response, plaintiff indicates that he is in the process of exhaustion, and would like to dismiss this action without prejudice to re-filing after he has exhausted. The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

objections shall be served and filed within ten days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     May 25, 2006**                        **/s/  William M. Wunderlich**
mmkd34                                            UNITED STATES MAGISTRATE JUDGE