IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ERIC ANTOINE,

        Plaintiff,        1: 06 CV 0063 OWW WMW PC

  vs.                      FINDINGS AND RECOMMENDATION
                              RE MOTION (DOC 16)

P. R. JONES, et al.,

        Defendants.

      Plaintiff has filed a motion requesting a court order directing prison officials "to show cause why this appeal should not be exhausted." This action was dismissed on July 31, 2006, for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit. Plaintiff appears to have pursued administrative exhaustion, and seeks a court order "ordering C.D.C. to allow me to exhaust my administrative remedies."

      A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-63 (9th Cir. 1972). This action has been

dismissed, and the time for filing any appeal has run.  There is no case or controversy before the court.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a court order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 4, 2008**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE